THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00104-MR-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MICHAEL McCRAY SYKES, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). [Doc. 86].

In his letter, the Defendant asks "how I go about seeing if I qualified for the new law that came into effect this year. 821 amendment, status points." [Doc. 86] (errors uncorrected).

As an initial matter, the Defendant is advised that a party cannot seek relief through the filing of letters; only motions will be ruled on by the Court. The Defendant is warned that future filings that are deficient in this respect will be summarily denied. Nevertheless, the Court will proceed to address the merits of the Defendant's present request.

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 now provides for the addition of only one criminal history point and applies only to defendants with seven or more criminal history points who committed the offense of conviction while under a criminal justice sentence. U.S.S.G. § 4A1.1(e) (2023). Here, the Defendant was not assessed any status points in the calculation of his criminal history category. Accordingly, Part A of Amendment 821 affords the Defendant no relief.

The Defendant also is not eligible for relief under Part B of Amendment 821. That provision amended the offense-level calculation for certain zero-point offenders. As revised, § 4C1.1 provides for "a decrease of two levels

... for offenders who did not receive any criminal history points ... and whose instant offense did not involve specified aggravating factors." U.S.S.C. Supp. to App'x, Am. 821 at 242; U.S.S.G. § 4C1.1 (2023). At the time of sentencing, the Defendant was assessed seven criminal history points. As such, Part B of Amendment 821 affords him no relief.

For all of these reasons, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 86], is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 22, 2024

Martin Reidinger
Chief United States District Judge